# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **TRADESMEN INTERNATIONAL, LLC** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CAUSE NO. 6:20-CV-371 |
| **A & J CONSTRUCTION MANAGEMENT, LLC and DEVELOPERS SURETY AND INDEMNITY COMPANY,** | § § § § § § | |
| **Defendants.** | § § | |

## COMPLAINT

COMES NOW the United States of America for the Use and Benefit of Tradesman International, LLC ("Tradesmen") and files this its Original Complaint against Defendants, A & J Construction Management, LLC ("A & J"), and Developers Surety and Indemnity Company ("Developers") (collectively referred to herein as "Defendants"), and for cause of action would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. The court has exclusive jurisdiction over Tradesman's bond claim under 40 U.S.C. § 3131, et. seq. (the "Miller Act"). Tradesmen furnished labor in carrying out work provided for in a contract for which a payment bond is furnished under 40 U.S.C. § 3131. Tradesman has not been paid in full within 90 days after it performed the last of its labor furnished for which this lawsuit is made. The contracts and the project made the basis of this suit are for the construction, alteration or repair of facilities at Fort Hood, in Bell County, Texas,

which is a public building or public work of the Federal Government ("Fort Hood"). A payment bond issued by Developers was furnished by A & J pursuant to the Miller Act.

2. Even if the Miller Act does not provide jurisdiction, the court has jurisdiction over Tradesman's bond claim under 28 USC § 1352 because the payment bond on which these claims are based was executed under the law of the United States. A payment bond was provided by A & J pursuant to the Miller Act, 40 U.S.C. § 3131 et. seq., and regulations and rules issuing pursuant to the Miller Act, including but not limited to DFAR 970.5204-22 and 48 C.F.R. 28.

3. The court has supplemental jurisdiction over all claims not subject to the above paragraphs under 28 U.S.C. § 1367, as these claims for relief arise out of a common nucleus of operative facts and form part of the same case or controversy as the other claims.

4. Venue of this action is proper in this federal district court under 40 U.S.C. § 3133, et. seq. because the contract governed by the Miller Act and made the basis of this suit was performed in a county within this federal district.

5. Also, venue of this action is proper in this federal district court under 28 U.S.C. § 1391(a) (2) and (b) (2) because a substantial part of the events or omissions giving rise to Tradesmen's claims occurred in a county(s) within this federal district, and a substantial part of the property that is the subject of Tradesmen's claims is situated in a county(s) within this federal district.

## II.
## PARTIES

6. Plaintiff Tradesmen International, LLC is a limited liability company organized under the laws of the State of Delaware, and it is authorized by the Texas Secretary of State to conduct business in the State of Texas. Tradesmen's principal place of business is in the State of Ohio.

7.      Defendant A & J Construction Management, LLC, is a limited liability company organized under the laws of the State of Arkansas, with its principal place of business at 1503 W. Emma Avenue, Springdale, Arkansas 72764. It may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant A & J Construction Management, LLC engaged in business in Texas that arises from the transactions that are the subject of this Complaint but has not designated or maintained a resident agent for service of process in Texas, for forwarding to its Incorporator and CEO, Jeffrey Mann, at 1503 W. Emma Avenue, Springdale, Arkansas 72764, or at such other place as it may be found.

8.      Defendant Developers Surety and Indemnity Company is a company organized under the laws of the State of California, with its principal executive office at 17771 Cowan, Suite 100, Irvine, California 92614. It may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant Developers Surety and Indemnity Company engaged in business in Texas that arises from the transactions the subject of this Complaint but has not designated or maintained a resident agent for service of process in Texas, for forwarding to 17771 Cowan, Suite 100, Irvine, California 92614.

## III.
## FIRST CLAIM FOR RELIEF - MILLER ACT CLAIM

9.      On or about December 20, 2018, A & J executed a contract with the United States Department of Defense for work to be performed at Fort Hood, Bell County, Texas, and at certain other locations in states other than Texas which are not the subject of this Complaint. The specific project that is the subject of this Complaint will be described as the "Fort Hood Construction Prime Contract." Under the Fort Hood Construction Prime Contract, A & J agreed

to serve as the general contractor on the public work project referred to as "Renovate Build 91012, Ft. Hood, Texas," and called for work to be performed at Food Hood, in Bell County, Texas (the "Project").

10. As of February 12, 2019, A & J and Tradesmen executed a Master Services Agreement (the "Master Services Agreement") whereby Tradesmen agreed to provide labor to A & J for the Project, without limitation. In exchange for Tradesmen's labor, A & J agreed to pay Tradesmen fees for assigned employees, and other charges, as specified in the agreement and as invoiced.

11. On or about December 31, 2018, Developers, as surety, and A & J, as principal, executed and delivered to the United States of America as Obligee a Payment Bond ("Payment Bond") pertaining to the Fort Hood Construction Prime Contract, which is identified as No. W9115119C0006.

12. The Payment Bond was for the benefit of certain specified subcontractors and suppliers on the Project, such as Tradesmen. The Payment Bond was executed in accordance with the provisions of the Miller Act, 40 U.S.C. § 3131 et. seq. in the penal sum of $236,564.04. A true and correct copy of such Payment Bond is attached hereto as Exhibit "A" and is incorporated herein by reference.

13. Tradesmen has performed all necessary obligations and conditions under the Master Services Agreement and Payment Bond, and all obligations required as a condition precedent to payment under the Master Services Agreement and Payment Bond, and/ or all such obligations and conditions have been waived or excused. Nevertheless, Tradesmen is still owed an amount of at least $61,878.06.

14. A period of more than ninety days, but less than one year, has expired since Tradesmen has last performed the labor for which the claims herein are

made. Such labor was furnished in accordance with the Master Services Agreement and used in the prosecution of the work set forth in the Fort Hood Construction Prime Contract.

15. Pursuant to the Payment Bond, A & J and Developers are jointly and severally liable to Tradesmen for its damages as more fully explained below.

## IV.
## SECOND CLAIM FOR RELIEF - BREACH OF CONTRACT

16. Tradesmen realleges and incorporates herein all allegations set forth in Section III above of this Complaint.

17. Tradesmen has fully performed, or alternatively, has substantially performed or has been excused from performing its obligations under the terms of the Master Services Agreement.

18. A & J materially breached the Master Services Agreement by failing to perform its duties under the Master Services Agreement. Such damages are an amount of at least $61,878.06.

19. All conditions precedent to Tradesmen's recovery, and entitlement to the damages, and relief requested above have occurred or have been excused.

## V.
## THIRD CLAIM FOR RELIEF-QUANTUM MERUIT

20. Tradesmen realleges and incorporates herein all allegations set forth in Section IV above of this Complaint.

21. In the alternative, Tradesmen would show that A & J has retained the benefit of Tradesmen's labor and material without making payment therefore. Therefore, A & J has been unjustly enriched and should not retain the benefits of Tradesmen's labor without paying a reasonable compensation therefore.

22. Since such labor was provided under circumstances under which A & J knew or

reasonably should have known that it would be expected to pay for same, Tradesman is entitled to recover of and from A & J, based upon quantum meruit, for the reasonable value of the labor provided to A & J, which Tradesman alleges to be in the amount of at least $61,878.06.

## VI.
## FOURTH CLAIM FOR RELIEF-MISAPPLICATION OF TRUST FUNDS

23. Tradesman realleges and incorporates herein all allegations set forth in Section V above of this Complaint.

24. Upon information and belief, Tradesman would further show that A & J, as trustee, has received payments from the United States for the benefit of Tradesman.

25. Upon information and belief, A & J has misapplied these trust funds by failing to disburse said funds to Tradesman. Pursuant to Chapter 162 of the Texas Property Code, A & J is liable to Tradesman for the amount of funds paid by the United States to A & J, which were not disbursed to Tradesman, plus interest and attorney's fees.

## VII.
## CLAIM FOR ATTORNEY'S FEES AND INTEREST

26. Tradesman realleges and incorporates herein all allegations set forth in all above Sections of this Complaint.

27. By the time this action is tried or otherwise resolved, more than thirty days will have elapsed since Tradesman demanded payment of and from A & J and Developers for the debt due by A & J to Tradesmen, as alleged above. The Master Services Agreement provides that A & J agreed to pay all collection costs and expenses (including reasonable attorney's fees) incurred by Tradesmen in collections of amounts due. Therefore, pursuant to the Miller Act, §38.001 et. seq. of the Texas Civil Practice & Remedies Code, §28.005 of the Texas Property Code and all other applicable Federal and Texas statutory and common law, and the terms and conditions of the Master Services Agreement, Tradesman is

entitled to recover of and from A & J its reasonable attorney's fees, through and including the trial of this cause, plus all post-verdict and post judgment motions and all appeals and appellate steps taken in connection with this matter.

28. Tradesman is entitled to prompt pay interest in accordance with Texas Property Code §28.001 et. seq. at the rate of 1 1/2% per month on all funds received by A & J for the benefit of Tradesmen but not paid to Tradesman.

29. Tradesman is further entitled to recover interest in accordance with the terms of the Master Services Agreement at the rate of 1.5% per month.

30. In the alternative, Tradesmen is entitled to prompt pay interest in accordance with the Federal Prompt Pay Act, 31 U.S.C. § 3905 and/ or 48 C.F.R. § 52.232-27 on all funds received by A & J for the benefit of Tradesmen but not paid to Tradesmen.

31. In the alternative, Tradesman will show that by virtue of the laws of the State of Texas and/ or Federal law, Tradesman is entitled to recover legal and equitable interest at the highest legal rate of and from A & J.

## VIII.
## CONDITIONS PRECEDENT

All conditions precedent necessary for Tradesmen's recovery under this Complaint have been performed, have occurred, or have been waived or excused.

## PRAYER

WHEREFORE, Tradesmen prays for judgment against Defendants, jointly and severally, as follows:

1. For breach of contract damages in an amount to be proven at trial, but, at the least, in an amount in excess of $61,878.06;

2. For pre-judgment and post-judgment interest in an amount as allowed by law;

3. For costs of suit incurred herein, including reasonable attorney's fees; and

4.     For any and all further relief that the Court may deem just and equitable in this action.

## DEMAND FOR JURY TRIAL

Plaintiff Tradesmen International, LLC demands a trial by jury in the above-captioned action.

                                                    Respectfully submitted,

**NAMAN HOWELL SMITH & LEE, PLLC**
8310 N. Capital of Texas Highway, Suite 490
Austin, Texas 78731
Telephone: 512.479.0300
Facsimile: 512.474.1901
**Email: dlebas@namanhowell.com**
**Email: Barrett@namanhowell.com**

By:     /s/ David L. LeBas
       Roy L. Barrett
       State Bar No. 01814000
       David L. LeBas
       State Bar No. 12098600

**Attorneys for Plaintiff Tradesmen International, LLC**

# EXHIBIT A

| | | Bond Number: 715207P |
|---|---|---|
| **PAYMENT BOND** (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) December 31, 2018 | OMB Control Number: 9000-0045 Expiration Date: 7/31/2019 |

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 60 minutes to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

A&J Construction Management, LLC
1503 W. Emma Ave.
Springdale, AR 72764-4110

**TYPE OF ORGANIZATION** ("X" one)
- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [ ] CORPORATION
- [x] OTHER (Specify) LLC

**STATE OF INCORPORATION**: Texas

**SURETY(IES)** (Name(s) and business address(es))

Developers Surety and Indemnity Company
P.O. Box 19725
Irvine, CA 92623-9725

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| | 236 | 564 | 04 |

**CONTRACT DATE**: 12/20/18
**CONTRACT NUMBER**: W9115119C0006

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

A&J Construction Management, LLC

SIGNATURE(S): 1. [signature] (Seal)  2. (Seal)  3. (Seal)   Corporate Seal
NAME(S) & TITLE(S) (Typed): 1. Jeffrey Mann, Member  2.  3.

**INDIVIDUAL SURETY(IES)**

SIGNATURE(S): 1. (Seal)  2. (Seal)
NAME(S) (Typed): 1.  2.

**CORPORATE SURETY(IES)**

SURETY A:
- NAME & ADDRESS: Developers Surety and Indemnity Company, P.O. Box 19725, Irvine, CA 92623-9725
- STATE OF INCORPORATION: California
- LIABILITY LIMIT: $ 9,634,000
- SIGNATURE(S): 1. [signature]  2.
- NAME(S) & TITLE(S) (Typed): 1. John W. Schuler, Attorney-in-fact  2.
- Corporate Seal

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

## CORPORATE SURETY(IES) (Continued)

| | | | STATE OF INCORPORATION | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.